## Hospital Laundry Employes

BARD, Attorney General, January 4, 1939.—We have your request to be advised as to whether or not the em-

ployes of a laundry operated by a hospital fall within the provisions of the Act of May 27, 1937, P. L. 917, which regulates minimum fair wages for women and minors.

Under section 7(2) of the act, supra, the Department of Labor and Industry is empowered to make directory orders which shall define minimum fair wage rates.

Section 2(6) of the act provides:

" 'Occupation' shall mean an industry, trade, business or class of work in which women or minors are gainfully employed, but shall not include domestic service in the home of the employer, or services in a religious community or charitable institution, or labor on a farm, or boys lawfully employed in the sale and delivery of newspapers and magazines."

In Episcopal Academy v. Philadelphia et al., 150 Pa. 565 (1892), it is held that whatever is done or given gratuitously in relief of the public burdens or for the advancement of the public good is a public charity. In every case where the public is the beneficiary, the charity is a public charity.

The history of legislation in Pennsylvania discloses a well-defined policy on the part of the Commonwealth to relieve charitable institutions from the burdens of government, or to modify in favor of such organizations its general social regulations, when their activities are conducted for purely charitable purposes. There are substantial reasons for such a policy, since one of the duties of government is to assist those who, for various causes, are unable to help themselves. Any institution which, by its charitable activities, relieves the government of part of this burden, confers a pecuniary benefit upon the State, and the State, in granting such institutions exemption from taxation, is merely giving consideration for the services which it otherwise would be required to provide.

It is manifest that a hospital not conducted for profit or corporate gain, but for the purpose of administering to the sick and maimed, is a charity within the definition above given. There remains to consider whether the

maintenance and operation of a laundry in connection with the hospital is within the exception contained in section 2(6) of the act cited.

It is the settled law of Pennsylvania that as long as a charitable institution keeps within the ambit of its charitable activities and uses its property directly for charitable uses, it retains its charitable character, but whenever the organization engages in trade or a commercial activity for the purpose of increasing its revenue or making any part of its operation self-supporting, the trade features of its activities are subject to taxation, as they ought to be, and this is true even though the revenue derived from the business is devoted to the support of the charity: Young Men's Christian Association of Germantown v. Philadelphia, 323 Pa. 401 (1936).

Therefore, if the laundry connected with the hospital is operated solely for the purpose of laundering materials used in the hospital, the operation is not commercial in character. It constitutes an element of the charitable activity of the organization, and, as such, would not fall within the provisions of the act under consideration; but if such institution engages in the business of conducting a laundry on a commercial basis for the purpose of increasing its revenue or making a part of its activities self-supporting, it is, with respect to such operation, not a charity, even though the income derived therefrom be devoted to a charitable purpose.

Therefore, you are advised that whenever a hospital not conducted for private or corporate gain operates a laundry used solely for laundering materials for use in such institution, such operation constitutes an element of its charitable activities, and, therefore, the employes engaged therein are not within the provisions of the Act of May 27, 1937, P. L. 917; but where a hospital conducts its laundry on a commercial basis and derives revenue from it for the services performed, the hospital, as to such operation, is governed by the provisions of the said act as to its employes engaged in such operation.